# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JEFFEREY PEARCE,**
**Appellant Below, Petitioner**

**vs.) No. 22-ICA-7**        (No. 22-BOR-1878)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES**
**BUREAU FOR SOCIAL SERVICES,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jefferey Pearce appeals the July 22, 2022, "Dismissal Order" entered by the West Virginia Department of Health and Human Resources Board of Review ("BOR"). In that order, the BOR dismissed Mr. Pearce's appeal of prior substantiated allegations of abuse and neglect against him on the basis that he failed to timely file a hearing request. West Virginia Department of Health and Human Resources Bureau for Social Services ("Department") timely filed a response in support of the BOR's order. Mr. Pearce did not file a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the BOR's decision but no substantial question of law. Accordingly, a memorandum decision reversing and remanding the BOR's decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

On July 21, 2022, the BOR received a CPS/APS Hearing Request Form ("Hearing Request Form") submitted by Mr. Pearce. On the Hearing Request Form, Mr. Pearce requested a hearing because "DHHR background check came back and is holding up [his] application for foster care[.]" The portion of the Hearing Request Form completed by the Department indicates that there were three prior substantiated allegations of abuse and/or neglect against Mr. Pearce.[2] Two of the prior substantiations concerned allegations of

---

[1] Mr. Pearce is self-represented. The Department is represented by Randy K. Miller, Esq.

[2] The portion of the Hearing Request Form completed by the Department further indicates that the prior substantiated allegations against Mr. Pearce were not adjudicated or pending in a court of law.

1

emotional and/or psychological abuse that occurred in 2008. The remaining substantiation concerned an allegation of physical abuse that occurred in 2012.

On July 22, 2022, the BOR, without a hearing, entered a one-page dismissal order that concluded the BOR lacked authority to address the substantiated allegations against Mr. Pearce. The basis for the BOR's conclusion was a letter dated January 23, 2013, that was "issued" to Mr. Pearce that explained his hearing rights and informed him that if he failed to request a hearing within sixty days, his right to challenge the substantiated allegations would be forfeited. However, there is nothing in the letter or in the record that indicates the letter was sent to Mr. Pearce or that Mr. Pearce received the letter. Further, the letter only concerns the 2012 substantiated allegation. There is nothing in the record to indicate that Mr. Pearce was ever put on notice of the 2008 substantiated allegations. Mr. Pearce now appeals the BOR's "Dismissal Order."

In this appeal, we are guided by the following standard of review:

> (j) The court may affirm the final decision or order of the agency or remand the matter for further proceedings. The court may reverse, vacate or modify the final decision or order of the agency only if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 9-2-13(j) (2018).

"The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

On appeal, Mr. Pearce argues that he did not receive the January 23, 2013, letter and was never notified of the substantiated allegations against him. In response, the Department maintains that the January 23, 2013, letter was delivered to Mr. Pearce and that he did not timely file his appeal and request for hearing.

Upon review, we find that the BOR was clearly wrong in its dismissal of Mr. Pearce's hearing request on the basis that it was untimely. Pursuant to West Virginia Code § 49-4-601b(a) (2020), Mr. Pearce is entitled to notice of the substantiated allegations of abuse and neglect against him. Once notice is received, Mr. Pearce has sixty days to request a hearing to contest the substantiated allegations against him. *See* W. Va. Code R. § 78-27-6.1.2. Here, in regard to the 2012 substantiated allegation against Mr. Pearce, there is nothing in the January 23, 2013, letter or the record that indicates the letter was sent to, much less received by, Mr. Pearce. Regarding the 2008 substantiated allegations against Mr. Pearce, there is absolutely no evidence in the record to indicate that Mr. Pearce was ever given notice of these substantiated allegations. Since there is no evidence in the record that Mr. Pearce was given notice of the substantiated allegations against him, the BOR was clearly wrong to determine that the timeframe for him to request a hearing to contest the substantiated allegations had expired.

Accordingly, the July 22, 2022, "Dismissal Order" is reversed, and this matter is remanded to the BOR with instructions to take evidence to determine whether Mr. Pearce received notice of the substantiated allegations of abuse and neglect against him. If the BOR determines that Mr. Pearce did not receive notice, the BOR is instructed to enter an order requiring the Department to provide proper notice to Mr. Pearce of the substantiated allegations against him, including his appeal rights.

Reversed and Remanded with Instructions.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3